# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony Hesiben,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | May 31, 2017<br><br>Court of Appeals Case No.<br>71A04-1609-CR-2222<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Elizabeth C. Hurley<br><br>Trial Court Cause No.<br>71D08-1511-F3-60 |

**Brown, Judge.**

[1] Tony Hesiben appeals his sentence for robbery resulting in serious bodily injury as a level 2 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On May 8, 2015, police officers were dispatched regarding a shooting. Officers found Clifford Streeter on the ground in a grassy lot with a gunshot wound to his knee, and Streeter stated he had been robbed by "three kids." Appellant's Appendix Volume 2 at 73. Streeter initially told police that he had been looking to purchase marijuana and contacted a younger relative to facilitate the purchase. One of the young men Streeter had met pulled up his shirt, revealed a handgun, pulled the gun out, and handed it to one of his associates, who then stuck the gun into Streeter's ribs. At some point, Hesiben took property from Streeter. Streeter made a comment, heard a gunshot, and was shot in his knee. Later police investigation indicated that Streeter was trying to buy a gun.

[3] On November 13, 2015, the State charged Hesiben with armed robbery as a level 3 felony under cause number 71D08-1511-F3-60 ("Cause No. 60"). On April 6, 2016, the State added the charge of robbery resulting in serious bodily injury as a level 2 felony.

[4] On July 19, 2016, the court held a hearing, and Hesiben pled guilty without a plea agreement to robbery resulting in serious bodily injury as a level 2 felony under Cause No. 60 as well as escape as a level 6 felony under cause number

71D08-1508-F6-586 ("Cause No. 586"). With respect to the robbery, Hesiben admitted that he took some property from Streeter by using force or threatening the use of force and the act resulted in serious bodily injury to Streeter.

[5] On September 1, 2016, the court held a sentencing hearing in Cause No. 60 and Cause No. 586. Beverly Dempsey, Hesiben's aunt, testified that he "is a good kid" and she thought that "he just got caught up with the wrong people." Sentencing Transcript at 3. She testified that Hesiben's father had a nervous breakdown and a stroke. Dianne Walker, Hesiben's mother, testified that she was a single mother and that Hesiben had emotional disability problems. Hesiben stated:

> I just wanted to apologize to the victim and I just want to say sorry for what happened and I wish I could take it back but, you know, I can't take it back so I just wanted to, you know what I'm saying, apologize one more time. And I just, you know what I'm saying, ask can you at least leave me a little bit of life left to live, you know with my family. And since I've been here, you know, I done changed a lot, you know, you know what I'm saying, since that happened. And I just want to apologize again.

*Id.* at 12. The probation officer recommended a sentence of twenty-two years with six years suspended to be served consecutive to the sentences in Cause No. 71D02-1507-F3-36 ("Cause No. 36"), which involved robbery, and Cause No. 586.

[6] The court recognized Hesiben's age and took that into consideration, and stated that Hesiben had made "consistently horrible decisions through much of your

life, the young life that you've lived up 'til now." *Id.* at 13. It observed that Hesiben had been given opportunities to rehabilitate in the juvenile system. Specifically, the court stated:

> I mean from probation to placement at the JJC to home detention to boys school to I mean just every possible rehabilitative effort that could have been – that could have happened while you were in the juvenile system happened, and your decision was to cut your monitor off and to just walk away instead of availing yourself and taking advantage of the opportunities that were given to you while you were involved in that system.

*Id.* The court observed that Hesiben committed the crime of escape and then committed two separate armed robberies, one of which resulted in significant injury to Mr. Streeter who was permanently disabled "because of what [Hesiben] did." *Id.* at 14. The court also observed Hesiben's criminal history and noted that the "escalation of behavior that just keeps getting worse and worse and more violent and more dangerous." *Id.* It then stated that it found Hesiben's age and guilty plea as mitigating factors, and found the following aggravators: the harm that resulted from the robbery was far greater than what would have been needed to prove if it had gone to trial; the fact that he was serving a placement sentence on home detention; and his juvenile history. The court sentenced Hesiben to seventeen and one-half years executed in Cause No. 60 and one year suspended in Cause No. 586, and it ordered that the sentences be served consecutive to the sentence in Cause No. 36 for which he had

previously received a sentence of ten years with five years suspended and two years of probation.

## *Discussion*

[7] The issue is whether Hesiben's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Hesiben argues that he was one of three other individuals who participated in this crime, he was only seventeen years old at the time of the offense, and the victim was either trying to buy an illegal substance or trying to illegally buy a firearm. He also points to his last contact with his father being when he was eleven years old, he only completed the eleventh grade before being expelled, and he used marijuana. He requests that we reduce his sentence to ten years. The State argues that Hesiben's sentence is not inappropriate.

[9] Our review of the nature of the offense reveals that Hesiben took property from Streeter by using force or threatening the use of force and the act resulted in serious bodily injury to Streeter.

[10] Our review of the character of the offender reveals that Hesiben was born on November 3, 1997. He pled guilty without a plea agreement. As a juvenile,

Hesiben was charged with a curfew violation in 2011, two counts of leaving home without permission of a parent, guardian, or custodian in 2012, and battery as a misdemeanor if committed by an adult in 2012. In August 2012, he was placed on probation for disorderly conduct as a class B misdemeanor if committed by an adult. In October 2012, a verified petition for modification was filed due to his refusal to participate in counseling, continued insubordination and disruptive behavior at high school, and his refusal to visit the office for a drug screen. The court ordered that Hesiben remain in secure custody at the Juvenile Justice Center, the petition for modification was dismissed, and Hesiben failed formal probation.

[11] In October 2012, Hesiben was charged with robbery resulting in bodily injury and burglary as class B felonies if committed by an adult. The PSI indicates that the court ordered Hesiben to be transported to the Indiana Boys School on the allegation of burglary as a class B felony, and the charge of robbery resulting in bodily injury was dismissed with prejudice. In June 2014, Hesiben was arrested for leaving home without permission of a parent, guardian, or custodian. In November 2014, he was placed on probation for resisting law enforcement as a class A misdemeanor if committed by an adult. In July 2015, Hesiben failed formal probation and day reporting. On August 26, 2015, he was charged with escape as a level 6 felony and waived to adult court with respect to an act occurring in December 2014, and he pled guilty. In July 2015, he was charged under Cause No. 36 with robbery as a level 3 felony related to

an offense occurring in April 2015 and was sentenced to ten years with five years suspended and two years of probation.

[12] Hesiben reported that his father has been in a nursing home after having a stroke when Hesiben was eleven years old, that his mother has a criminal record for theft, and that his maternal uncle has a criminal record for bank robbery. Hesiben completed the eleventh grade, and he reported that he was in special education classes due to ADHD and emotional disability diagnoses. He reported being suspended and expelled from school for arguing with teachers. He also reported trying marijuana at the age of fourteen or fifteen, using marijuana every day, and using four "blunts" a day, and reported that he was supposed to participate in treatment at the Juvenile Justice Center in the past but "didn't go."

[13] After due consideration, we conclude that Hesiben has not sustained his burden of establishing that his advisory sentence is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[14] For the foregoing reasons, we affirm Hesiben's sentence.

Affirmed.

May, J., and Pyle, J., concur.